The Honorable Marsha J. Pechman
United States District Court Judge

CC TO JUDGE DJ

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 18 2001   DJ

AT SEATTLE
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALARICE VAUGHNES,

    Plaintiff,

v.

CITY OF SEATTLE and S L DEJESUS, a Seattle Police Officer,

    Defendants.

No. C01-316P

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER CLAIM TO COMPLAINT FOR DAMAGES

Defendants CITY OF SEATTLE and Seattle Police Department Officer S. L DeJESUS (hereinafter "defendants"), by and through their counsel of record, Stephen P Larson and Tobin E. Dale of Stafford Frey Cooper, in answer to plaintiff's complaint for damages ("complaint"), admit, deny, and allege as follows

## I. ANSWER

1.    Answering paragraph I 1, defendants admit that plaintiff was over the age of 18 years at the time of the alleged incident. All other allegations contained in said paragraph are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations

2    Paragraph I.2 is admitted



CV 01-00316 #00000009

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTER CLAIM TO COMPLAINT FOR DAMAGES - 1   ORIGINAL

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 Rainier Tower
1301 Fifth Avenue
Seattle, Washington 98101-2621
Telephone (206) 623-9900

\\SFC3\DATA\CLIENTS\3000\000\3019\21938\FEDERAL PLEADINGS\ANSWER DOC

3  Answering paragraph I.3, defendants admit that Officer DeJesus is employed by the City of Seattle with the Seattle Police Department, that he was on duty on or about the time of the alleged incident, and that he was acting within the course and scope of his respective duties. All other allegations contained in said paragraph are denied.

4.  Answering paragraphs II.1 and II.2, defendants admit that jurisdiction is proper in this court and that the complaint alleges an incident around events which occurred in King County. All other allegations contained in said paragraphs are denied.

5.  Answering paragraph III.1, defendants admit that on or about February 17, 1998 Alarice Vaughnes disregarded a "Don't Walk Signal", crossed an intersection against the light, in traffic, tried to ignore the officer, who witnessed her traffic violation, refused to provide identification, attempted to leave, was lawfully arrested and handcuffed by Officer DeJesus in the vicinity of First Avenue and Denny way, and was transported to the West Precinct. All other allegations contained in said paragraph are denied.

6.  Paragraphs III.2 through III.4 are denied.

7  Answering paragraph III.5, defendants admit that the plaintiff received a citation for disregarding a "Don't Walk Signal," which is a violation of the Seattle Municipal Code, 11.50.280. All other allegations contained in said paragraph are denied.

8  Paragraph III.6 is denied.

9.  Paragraph III.7 is denied.

## II. AFFIRMATIVE DEFENSES

1.  Plaintiff's complaint, in whole or in part, is barred under the applicable statutes of limitations.

2.  Plaintiff's complaint, in whole or in part, fails to state a cause of action against any defendant upon which relief can be granted.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTER CLAIM TO COMPLAINT FOR DAMAGES - 2

\\SFC3\DATA\CLIENTS\3000\000\3019\21938\FEDERAL PLEADINGS\ANSWER DOC

STAFFORD FREY COOPER
—— Professional Corporation ——
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

3.   There has been an insufficiency of service and/or an insufficiency of service of process, and therefore this court lacks jurisdiction over the named defendants.

4.   Plaintiff's complaint fails to state a cause of action against the defendants under 42 U.S.C. § 1983 upon which relief can be granted.

5.   The plaintiff's damages, if any, were caused by her own improper and/or unlawful activities, which bar her right to recovery in this case, and/or the law of comparative fault applies.

6.   Plaintiff's injuries, if any, were proximately caused by unknown third parties

7.   The plaintiff has failed to mitigate her damages, if any, and to protect herself from avoidable consequences.

8.   Defendant DeJesus acted at all times within the course and scope of his employment, with lawful justification, properly, and reasonably and is entitled to qualified immunity.

9.   Plaintiff's injuries and damages, if any, were proximately caused by the wanton and willful misconduct of the plaintiff in intentionally acting in reckless disregard of the consequences

10.  Defendants reserve the right to assert such additional affirmative defenses as discovery in this case may reveal to be appropriate

Having answered the plaintiff's complaint and set forth their affirmative defenses, the defendants now set forth the following:

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTER CLAIM TO COMPLAINT FOR DAMAGES - 3

\\SFC3\DATA\CLIENTS\3000\000\3019\21936\FEDERAL PLEADINGS\ANSWER DOC

STAFFORD FREY COOPER
───── Professional Corporation ─────
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

## III. COUNTERCLAIM

1. The plaintiff's actions were instituted with knowledge that the allegations of said action were false and unfounded, malicious, and without probable cause in the filing of such action, and/or filed as part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded. As a result of the plaintiff's filing of this frivolous lawsuit, these defendants have been injured in an amount to be proven at trial, or an amount of liquidated damages as provided by RCW 4.24.350.

Having fully answered the plaintiff's complaint and set forth their affirmative defenses and counterclaim, these defendants now pray for the following relief:

1  That the plaintiff's complaint be dismissed and that she take nothing thereby;

2. For damages in an amount to be proved at trial,

3. For actual attorneys' fees and costs as provided by state law; and

4  For other relief as the court deems just and equitable

DATED this 17th day of May, 2001

STAFFORD FREY COOPER

By _____Tobin E. Dale_____
Stephen P Larson, WSBA # 4959
Tobin E Dale, WSBA # 29595
Attorneys for Defendants City of Seattle
and Officer DeJesus

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTER CLAIM TO COMPLAINT FOR DAMAGES - 4

STAFFORD FREY COOPER
— Professional Corporation —
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

\\SFC3\DATA\CLIENTS\3000\000\3019\21938\FEDERAL PLEADINGS\ANSWER DOC

## Certificate of Service

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT FOR DAMAGES** on the following individuals:

**Charles S. Hamilton, III**
**600 Market Place One**
**2003 Western Avenue**
**Seattle, WA 98121**

*Attorney for Plaintiff*

[X] Via Messenger

DATED this 18 day of May 2001, at Seattle, Washington

_____
Carin Cundey

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTER CLAIM TO COMPLAINT FOR DAMAGES - 5

\\SFC3\DATA\CLIENTS\3000\000\3019\21938\FEDERAL PLEADINGS\ANSWER.DOC

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

The Honorable Marsha J Pechman

FILED ___ ENTERED
LODGED ___ RECEIVED

MAY 18 2001

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

RECEIVED

MAY 18 2001

STAFFORD FREY COOPER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C01-0316P

| ALARICE VAUGHNES, | NO 01-2-05407-4SEA |
| Plaintiff, | |
| v | |
| CITY OF SEATTLE and S L DeJESUS, a Seattle Police Officer, | JOINT STATUS REPORT AND DISCOVERY PLAN |
| Defendants | |

COME NOW, the parties to this action, by and through their respective attorneys, and do herewith submit to the Court their proposed joint status report and discovery plan in this action: